# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 20-672V

| | | |
|---|---|---|
| RICHARD JAYE, | * | Chief Special Master Corcoran |
| Petitioner, | * | Filed: November 15, 2024 |
| v. | * | |
| SECRETARY OF HEALTH AND HUMAN SERVICES | * | |
| Respondent. | * | |

*Scott W. Rooney,* Nemes Rooney, P.C., Farmington Hills, MI, for Petitioner.

*Lynn Schlie,* U.S. Dep't of Justice, Washington, DC, for Respondent.

## DECISION GRANTING FINAL AWARD OF ATTORNEY'S FEES AND COSTS[1]

On June 2, 2020, Richard Jaye filed a petition seeking compensation under the national Vaccine Injury Compensation Program (the "Vaccine Program").[2] Petition (ECF No. 1). Petitioner alleged that the pneumococcal vaccine he received on December 8, 2017, caused him to incur Guillain-Barré syndrome ("GBS"). I dismissed the claim after briefing, and that determination was not appealed. Decision, dated July 18, 2024 (ECF No. 92).

Petitioner has now filed a motion for a final award of attorney's fees and costs. Motion, dated Sept. 4, 2024 (ECF No. 96) ("Mot."). This is Petitioner's sole fees and costs request. Petitioner requests a total of $90,407.50 in attorney's fees and costs ($81,158.50 in fees, plus $9,249.00 in costs) for the work of attorney Scott W. Rooney. Mot. at 2–3. Respondent reacted to the fees request on September 5, 2024. Response, dated Sept. 5, 2024 (ECF No. 97) ("Resp.").

---

[1] Under Vaccine Rule 18(b), each party has fourteen (14) days within which to request redaction "of any information furnished by that party: (1) that is a trade secret or commercial or financial in substance and is privileged or confidential; or (2) that includes medical files or similar files, the disclosure of which would constitute a clearly unwarranted invasion of privacy." Vaccine Rule 18(b). Otherwise, the whole Decision will be available to the public in its present form. *Id.*

[2] The Vaccine Program comprises Part 2 of the National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3758, codified as amended at 42 U.S.C. §§ 300aa-10 through 34 (2012) ("Vaccine Act" or "the Act"). Individual section references hereafter will be to § 300aa of the Act (but will omit that statutory prefix).

Respondent agrees that Petitioner has satisfied the statutory requirements for a fees award, and otherwise defers the calculation of the amount to be awarded to my discretion. Resp. at 2, 5. Petitioner also requests additional unreimbursed litigation costs personally incurred by him (as discussed in greater detail below).

For the reasons set forth below, I hereby **GRANT** Petitioner's motion, awarding fees and costs in the total amount of **$91,861.00**.

## ANALYSIS

### I. Petitioner's Claim had Reasonable Basis

Although the Vaccine Act only guarantees a fees award to successful petitioners, a special master may also award fees and costs in an unsuccessful case if: (1) the "petition was brought in good faith"; and (2) "there was a reasonable basis for the claim for which the petition was brought." Section 15(e)(1). I have in prior decisions set forth at length the criteria to be applied when determining if a claim possessed "reasonable basis" sufficient for a fees award. *See, e.g.*, *Sterling v. Sec'y of Health & Hum. Servs.*, No. 16-551V, 2020 WL 549443, at *4 (Fed. Cl. Spec. Mstr. Jan. 3, 2020). Importantly, establishing reasonable basis does not *automatically* entitle an unsuccessful claimant to fees, but is instead a threshold obligation; fees can still thereafter be limited, if unreasonable, or even denied entirely.

A claim's reasonable basis[3] must be demonstrated through some objective evidentiary showing. *Cottingham v. Sec'y of Health & Hum. Servs.*, 971 F.3d 1337, 1344 (Fed. Cir. 2020) (citing *Simmons v. Sec'y of Health & Hum. Servs.*, 875 F.3d 632, 635 (Fed. Cir. 2017)). This objective inquiry is focused on the *claim*—counsel's conduct is irrelevant (although it may bulwark good faith). *Simmons*, 875 F.3d at 635. In addition, reasonable basis inquiries are not static—they evaluate not only what was known at the time the petition was filed, but also take into account what is learned about the evidentiary support for the claim as the matter progresses. *Perreira v. Sec'y of Health & Hum. Servs.*, 33 F.3d 1375, 1377 (Fed. Cir. 1994) (upholding the finding that a reasonable basis for petitioners' claims ceased to exist once they had reviewed their expert's opinion, which consisted entirely of unsupported speculation). As a result, a claim can "lose" reasonable basis over time.

The standard for finding the existence of reasonable basis is lesser (and thus inherently easier to satisfy) than the preponderant standard applied when assessing entitlement, as cases that fail can still have sufficient objective grounding for a fees award. *Braun v. Sec'y of Health & Hum. Servs.*, 144 Fed. Cl. 72, 77 (2019). The Court of Federal Claims has affirmed that "[r]easonable basis is a standard that petitioners, at least generally, meet by submitting evidence." *Chuisano v.*

---

[3] Because this claim's good faith is not in dispute, I do not include a discussion of the standards applicable to that fees prong.

*Sec'y of Health & Hum. Servs.*, 116 Fed. Cl. 276, 287 (Fed. Cl. 2014) (internal quotations omitted) (affirming special master). The factual basis and medical support for the claim is among the evidence that should be considered. *Carter v. Sec'y of Health & Hum. Servs.*, 132 Fed. Cl. 372, 378 (Fed. Cl. 2017). Under the Vaccine Act, special masters have "maximum discretion" in applying the reasonable basis standard. *See, e.g.*, *Silva v. Sec'y of Health & Hum. Servs.*, 108 Fed. Cl. 401, 401–02 (Fed. Cl. 2012).[4]

Although Petitioner's claim was ultimately unsuccessful, I find it possessed more than sufficient objective basis to entitle him to a fees and costs award. There was some record evidence that Petitioner experienced a variety of symptoms after the relevant vaccination, and the medical opinions he obtained had *some* minimal support for it. In addition, although I have made clear in a large number of published decisions my experience-based view that claims that the pneumococcal vaccine "can cause" GBS are grounded in unreliable science and therefore untenable, other special masters have reached the opposite conclusion—and therefore it would be unfair for me to declare a claim lacks reasonable basis under such circumstances. Thus, and in light of the exceedingly lenient standard that governs reasonable basis determinations, a final award of fees and costs in this matter is permissible. And because I find no other reason to deny a fees award, I will allow one herein.

## II.   Calculation of Fees

Determining the appropriate amount of the fees award is a two-part process. The first part involves application of the lodestar method—"multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate." *Avera v. Sec'y of Health & Hum. Servs.*, 515 F.3d 1343, 1347–48 (Fed. Cir. 2008) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1984)). The second part involves adjusting the lodestar calculation up or down to take relevant factors into consideration. *Id.* at 1348. This standard for calculating a fee award is considered applicable in most cases where a fee award is authorized by federal statute. *Hensley v. Eckerhart*, 461 U.S. 424, 429–37 (1983).

An attorney's reasonable hourly rate is determined by the "forum rule," which bass the proper hourly rate to be awarded on the forum in which the relevant court sits (Washington, D.C., for Vaccine Act cases), *except* where an attorney's work was not performed in the forum and there is a substantial difference in rates (the so-called "*Davis*" exception"). *Avera*, 515 F.3d at 1348 (citing *Davis Cty. Solid Waste Mgmt. & Energy Recovery Special Serv. Dist. v. U.S. Envtl. Prot. Agency*, 169 F.3d 755, 758 (D.C. Cir. 1999)). A 2015 decision established the hourly rate ranges for attorneys with different levels of experience who are entitled to the forum rate in the Vaccine

---

[4] *See also Chuisano*, 116 Fed. Cl. at 285 (cautioning against rigid rules or criteria for reasonable basis because they would subvert the discretion of special masters and stating that an amorphous definition of reasonable basis is consistent with the Vaccine Act as a whole).

Program. *See McCulloch v. Sec'y of Health & Hum. Servs.*, No. 09-293V, 2015 WL 5634323, at *19 (Fed. Cl. Spec. Mstr. Sept. 1, 2015).

Petitioner requests the following rates for her attorney and support staff, based on the years work was performed:

|  | 2018 | 2019 | 2020 | 2021 | 2022 | 2023 | 2024 |
|---|---|---|---|---|---|---|---|
| **Scott W. Rooney (Attorney)** | $300.00 | $350.00 | $350.00 | $350.00 | $500.00 | $500.00 | $500.00 |
| **Paralegal** | $60.00 | $60.00 | $60.00 | $60.00 | $60.00 | $60.00 | $60.00 |

Mot. at 5–22.

Petitioner's proposed rates for Mr. Rooney are consistent with the Office of Special Masters' fee schedule[5] and the range set forth in *McCulloch*. However, the proposed rates are inconsistent with prior determinations (which actually awarded Mr. Rooney *higher* hourly rates). *See Heil v. Sec'y of Health & Hum. Servs.*, No. 19-109V, 2022 WL 3639431, at *2 (Fed. Cl. Spec. Mstr. July 22, 2022) (finding that rates of $350.00 per hour for 2018; $375.00 per hour for 2019-2020; and $400.00 per hour for 2021 is consistent with what Mr. Rooney has been awarded in the past); *Garrett v. Sec'y of Health & Hum. Servs.*, No. 21-1913V, 2024 WL 3495123 (Fed. Cl. Spec. Mstr. June 20, 2024) (approving a rate of $480.00 per hour for 2023-2024). Therefore, I will apply the previously-awarded rates set forth in *Heil* and *Garrett* and will adjust accordingly.[6] I will also award the requested paralegal time at the provided rates, and find no reason to deny any of the actual time devoted to the matter.

### III.   Calculation of Attorney's Costs

Just as they are required to establish the reasonableness of requested fees, petitioners must also demonstrate that requested litigation costs are reasonable. *Presault v. United States*, 52 Fed. Cl. 667, 670 (2002): *Perreira v. Sec'y of Dep't of Health & Hum. Servs.*, 27 Fed. Cl. 29, 34 (1992). Reasonable costs include the costs of obtaining medical records and expert time incurred while working on a case. *Fester v. Sec'y of Health & Hum. Servs.*, No. 10-243V, 2013 WL 5367670, at *16 (Fed. Cl. Spec. Mstr. Aug. 27, 2013). When petitioners fail to substantiate a cost item, such as by not providing appropriate documentation to explain the basis for a particular cost, special masters have refrained from paying the cost at issue. *See, e.g.*, *Gardner-Cook v. Sec'y of Health & Hum. Servs.*, No. 99-480V, 2005 WL 6122520, at *4 (Fed. Cl. Spec. Mstr. June 30, 2005).

---

[5] OSM Attorneys' Forum Hourly Rate Fee Schedule, https://www.uscfc.uscourts.gov/node/2914 (last visited Nov. 15, 2024).

[6] The yearly rate adjustments are set as follows for the work performed in 2018 through 2024 respectively: (6.2 hrs x $350.00 = $2,170.00) + (18.3 hrs x $375.00 = $6,862.50) + (23.1 hrs x $375.00 = $8,662.50) + (29.45 hrs x $400.00 = $11,780.00) + (32.1 hrs + $470.00 = $15,087.00) + (34.3 hrs + $480.00 = $16,464.00) + (38.75 hrs x $480.00 = $18,600.00) = **$79,626.00.**

Petitioner seeks $9,249.00 in outstanding costs, including the filing fee, medical record retrieval costs, and costs associated with the work of one expert, Lawrence Steinman, M.D. Mot. at 2. Dr. Steinman prepared two written reports in this case and submitted an invoice reflecting a total of $8,800.00 (at an hourly rate of $550.00 for 16 hours of work), with a retainer fee of $5,500.00. *Id.* at 55. The basic litigation costs and costs associated with Dr. Steinman's work are reasonable herein, and I find the amount of time billed by Dr. Steinman to be reasonable as well. Thus, they shall be awarded in full without reduction.

Petitioner also requests $1,060.00 in unreimbursed litigation medical record retrieval costs. Such costs are typical in Program cases, were reasonably incurred in this matter, and are thus eligible for reimbursement.

Accordingly, the total costs to be awarded to Petitioner's counsel is $9,249.00. Petitioner shall receive personal costs in the amount of $1,060.00.

## CONCLUSION

Based on the foregoing, and in the exercise of the discretion afforded to me in determining the propriety of a final fees award, I **GRANT** Petitioner's Motion for Attorney's Fees and Costs, and award $90,801.00 in attorney's fees and costs, in the form of a check made jointly payable to Petitioner and his attorney, Mr. Scott W. Rooney. In addition, Petitioner shall receive $1,060.00 in unreimbursed personal costs, in the form of a check made payable to him individually.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the Clerk of the Court **SHALL ENTER JUDGMENT** in accordance with the terms of this Decision.[7]

**IT IS SO ORDERED.**

/s/ Brian H. Corcoran
Brian H. Corcoran
Chief Special Master

---

[7] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment if (jointly or separately) they file notices renouncing their right to seek review.